Fransisca TJHIN, Petitioner,

v.

Peter D. KEISLER, Acting Attorney

General of the United States,[1]
Respondent.

No. 06–5904–ag.

United States Court of Appeals,
Second Circuit.

Oct. 10, 2007.

H. Raymond Fasano, Madeo & Fasano,
New York, NY, for Petitioner.

Peter D. Keisler, Acting Attorney General, Civil Division, Stacey I. Young, Trial Attorney, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Fransisca Tjhin, a native and citizen of Indonesia, seeks review of a November 30, 2006, order of the BIA affirming the August 3, 2005, decision of Immigration Judge ("IJ") Barbara A. Nelson denying her applications for asylum, withholding of removal, and relief under the Convention

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Against Torture ("CAT"). *In re Fransisca Tjhin,* No. A98 361 398 (B.I.A. Nov. 30, 2006), *aff'g* No. A98 361 398 (Immig. Ct. N.Y. City Aug. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, in her brief to this Court, Tjhin challenges neither the agency's denial of her CAT claim nor the pretermission of her asylum claim. Therefore, we deem those claims abandoned and proceed to consider only the denial of her withholding of removal claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005).

■ We conclude that the agency properly found that Tjhin's experiences, even in the aggregate, do not rise to the level of persecution. *See Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005) (holding that the adjudicator must consider the cumulative effect of an applicant's experiences in assessing past persecution); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (finding that, in or-

der to constitute persecution, the harm to an asylum applicant must be sufficiently severe, rising above "mere harassment"). Tjhin alleged that as a young child, the Indonesian government arrested her ethnic Chinese neighbors and accused them of being Communists; that she was denied an education until the age of ten; that she was forced to abandon her Chinese name; that she was required to pay bribes to the Indonesian government in order to obtain services; and that two stores that she owned were destroyed by anti-Chinese agitators. Although unfortunate, as the BIA noted, none of these incidents involved direct physical harm or a threat to Tjhin's life or freedom. *See Ivanishvili,* 433 F.3d at 341; *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985) (defining persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"). In *In re A–M–,* the BIA considered the claims of an ethnic Chinese asylum applicant from Indonesia who had alleged experiences similar to Tjhin's. 23 I. & N. Dec. 737, 740 (BIA 2005). Assessing those incidents in the aggregate, the BIA found that they "do not rise to the level of harm sufficient to demonstrate past persecution." *Id.* Likewise, the BIA in the instant case properly considered Tjhin's experiences in the aggregate and found that they did not rise to the level of persecution.

■ The agency also properly found that Tjhin failed to demonstrate a well-founded fear of persecution. First, the IJ noted that Tjhin's passport bore exit stamps indicating that she left Indonesia in March, April, and July 1999, and concluded that a person who genuinely feared living in Indonesia would not return there after leaving the country on separate occasions.[2]

2. While Tjhin explained that the stamps in the passport were already there when her travel agent gave it to her, the IJ noted that Tjhin's explanation was inconsistent with her earlier testimony indicating that she traveled to

This inference was permissible because it was based on record evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007). Accordingly, the IJ's finding was proper.

Acknowledging that tensions exist in Indonesia between the Muslim and Chinese communities, the BIA nevertheless cited to country reports to conclude that the harms resulting from these tensions generally do not involve government agents, and do not amount to a pattern or practice of persecution. This conclusion was proper. As the BIA observed in *In re A–M–*, "the threat of harm to Chinese Christians in Indonesia by the Government, or by forces that the Government is unable or unwilling to control, is [not] so systemic or pervasive as to amount to a pattern or practice of persecution." 23 I. & N. Dec. at 741.

Because the agency properly found that Tjhin failed to establish past persecution or a well-founded fear of persecution, we affirm the agency's denial of relief.

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

countries other than the United States using that passport. Thus, the IJ was not required to credit that explanation because a reasonable factfinder would not have been compelled to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

